highways, where the same commissioners both ascertain the compensation and assess the cost of improvement, that is unquestionably the rule. But evidently Mr. Dillon does not regard such proceedings as merely for the compulsory acquisition of the property, for he says (section 617) that they involve the exercise of two different powers, viz.: that of eminent domain, for which the property is taken, and that of taxation, which includes the assessments on the property specially benefited. So, in Genet v. City of Brooklyn, 99 N. Y. 296, 1 N. E. 777, which arose out of a proceeding to open Sackett street under a special statute, where the commissioners both made the award for lands taken, and the assessment on property benefited, Judge Andrews writes:

"We think the argument fails in omitting to separate the two powers exercised by the legislature in framing the act of 1868, viz. the power of taxation, and the right of eminent domain. * * * The right to compensation is the right of the citizen whose land is taken, which the legislature can neither ignore nor deny. The power of taxation, on the other hand, is vested in the legislature, and is practically absolute, except as restrained by constitutional limitations. * * * The imposition of local assessments for benefits is an exercise of the taxing power."

Mr. Cooley asserts that, in the absence of constitutional restrictions, the benefits that the landowner may derive from the improvement may be taken into account in measuring the compensation he is to receive for the land taken. It is unnecessary for us to discuss whether, in a proceeding strictly and solely in the exercise of the power of eminent domain, benefits to the landowner may be deducted from the value of the land taken. Assuming that such a rule would not be unconstitutional, it plainly cannot obtain in the proceeding under review. As already stated, ordinarily commissioners in street openings are both commissioners of estimate and commissioners of assessment, and such was formerly the case in the city of Brooklyn. But by title 19 of the charter of the city the commissioners determine only the value of the land taken, while the board of assessors assess the cost of the improvement on the abutting property within the assessment district. Therefore, if the commissioners of estimate should make any deduction from the award for supposed benefits, the landowner would be compelled to pay his share of the same benefits over again when the cost of the improvement is assessed upon him. This would plainly be unjust.

The order appealed from should be reversed, with $10 costs and disbursements, and the matter remitted to the commissioners, with directions to make a new report. All concur.

(19 App. Div. 613.)

In re OPENING OF MORRIS STREET.

(Supreme Court, Appellate Division, Second Department. July 7, 1897.)

OPENING STREET—OWNERSHIP OF AWARD—REFERENCE PENDING APPEAL.
    An award was made to P. for land taken for a proposed street. At confirmation a contest as to ownership was suggested. The order was modified by substituting "Unknown Owners" for P., and the question of ownership was referred. A sum nearly equal to the award had been assessed

against P. for benefits resulting to his premises, and had been deducted from the award. The balance was stricken out, leaving the entire sum assessed for benefits to stand. P. appealed from the order so modified, but desired to proceed with the reference pending the appeal. *Held*, that the reference was properly proceeded with, because more expeditious, and, if in P.'s favor, it would terminate the appeal.

Appeal from special term, Dutchess county.

In the matter of the laying out and opening of Morris street between Riverdale avenue and Hawthorne avenue, in the city of Yonkers, the ownership of the land taken was contested, and the report of the commissioners was modified at confirmation, the question of ownership being referred. From the order so modified an appeal was taken, but the reference was ordered to proceed pending the appeal. From the order directing the reference to proceed, Annie L. Winters and James B. Ludlow, claimants, appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James B. Ludlow, for appellants.
William Romer, for respondents.

BRADLEY, J. There seems to be but little occasion for controversy on the subject of the order from which this appeal was taken. The order was made on the application in behalf of the Purser heirs, who are the respondents on this review, upon a hearing opposed by the appellants, who are some of the Ludlow heirs. The dispute between the two sets of heirs has relation to the sum of $3,240 awarded in this matter by the commissioners for land taken for the south half of the proposed Morris street. This award was made to the Purser estate, and when their report came before the court, upon motion made in behalf of the city of Yonkers for confirmation, the contest between the Purser and Ludlow heirs was brought to the attention of the court, and the order was modified by striking out the "Purser Estate," as the beneficiary of the award, and inserting "Unknown Owners," and as so (and in another respect, hereinafter mentioned) modified was confirmed. And it was referred to a referee, named, to determine who were the persons legally entitled to the strip of land taken for such south half of the proposed street. It was further ordered that in the meantime the amount of the award remain with the city treasurer, to the credit of this proceeding, subject to the further order of the court. From that order the Purser heirs appealed. They nevertheless desired to proceed with the reference. But the appellants resisted the proceeding with it until the appeal so taken should be disposed of. Thereupon the motion was made by the Purser heirs for direction that the reference proceed to determination, and that the appeal so taken by them be suspended in the meantime, and from the order made to that effect this appeal is taken.

It quite evidently appears that the real and substantial controversy of the parties to this appeal is in their conflicting claims to the sum of the award before mentioned, and that, if the result of the reference in that respect gives it to the Purser heirs, they will not care to proceed with their appeal, and the controversy will be ended. In that

and the further fact relating to the expense of printing the papers for the hearing of the appeal, are reasons asserted in support of the order now under consideration. On the other hand, it is urged that the expense of the reference will be wasted if the Purser heirs are not satisfied with the result, and proceed with their appeal to reversal of the order upon which the reference is founded; and it is further urged that they are chargeable with laches for failure to bring their appeal on to hearing. There is some force in those suggestions, although the expense of the referee and stenographer will, by virtue of the stipulation to that effect, fall upon the unsuccessful party in the reference. There is, however, the further fact that the sum of $2,950 was assessed against the Purser heirs for benefits resulting to their premises by the street. In the report, as made by the commissioners, this sum was deducted from such award, increased by the nominal sum of $10 for land taken for the north half of the proposed street, thus leaving the balance of $300, which in their report was mentioned as such to be paid to the Purser heirs. By the further modification of the report made by the order confirming it, such balance was stricken out, thus leaving the entire sum assessed for benefits to stand. This furnishes a substantial reason for a desire on their part to have the reference proceed to conclusion without unnecessary delay.

It is now evident that the appeal from that order cannot be heard in considerable time. And as it is not seen that any prejudice will necessarily result to the legal rights of the appellants by having the hearing before the referee go forward to an early determination by him of the disputed claims to the amount of the award in question, the order should be affirmed. All concur.